# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

LOREN MITCHELL,       :
                      :
    Plaintiff,        :
                      :
    VS.               :     1 : 10-CV-75 (WLS)
                      :
DANNIE THOMPSON, et al., :
                      :
    Defendants.       :

## ORDER AND RECOMMENDATION

Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are Plaintiff's Motion to Reserve the Right to File, Motion for Appointment of Counsel, Motion to Amend, and Motion for a Temporary Restraining Order and Preliminary Injunction (Docs. 16, 21, 22, 19).

### Factual Background

Plaintiff alleges that several staff members of Calhoun State Prison were deliberately indifferent to Plaintiff's serious medical need. Plaintiff contends that he slipped and fell in a puddle of water on the floor, causing a broken ankle, and back and neck injuries (Doc. 6). Plaintiff alleges that he underwent surgery on his ankle one year and five months after the initial injury. Plaintiff further alleges that he was not given proper medical treatment for his injuries and now has to "wear an ankle to knee high stablizer (sic), use [] two (2) metal crutches for body weight support, and [wear] a body brace shell for [his] back until surgery is scheduled" (*Id.*).

*Reserving Right to File (Doc. 16)*

Plaintiff filed a Motion to reserve the right to file additional motions, briefs, and pleadings on November 30, 2010, alleging that he may gain new information through discovery that would lead to

additional pleadings.

The Federal Rules of Civil Procedure and the Middle District of Georgia Local Rules provide Plaintiff with the rules governing his rights to file. Plaintiff has not sought to file a specific motion, brief, or pleading, but has merely made a broad generalization requesting the right to file any document in any manner he desires. As the Federal Rules of Civil Procedure and the Local Rules provide Plaintiff with the necessary rights and instructions in regard to filing motions, briefs, and pleadings, Plaintiff's Motion to reserve the right to file additional documents is hereby **DENIED**.

*Appointment of Counsel (Doc. 21)*

Plaintiff filed a Motion for the Appointment of Counsel on December 15, 2010 (Doc. 21). Generally speaking, no right to counsel exists in § 1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.

The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED** at this time.

*Motion to Amend (Doc. 22)*

Plaintiff filed this Motion to Amend his Complaint on December 15, 2010, seeking to add Keith Butler, a physician's assistant, as a Defendant in this action. Plaintiff states that Mr. Butler was "left out" of the named Defendants; however, Mr. Butler was referenced in Plaintiff's Statement of Claim in his Recast Complaint (Doc. 6). Plaintiff alleges that he went to see Mr. Butler on July 10, 2008 for treatment for his ankle and Mr. Butler gave Plaintiff 800 mg of ibuprofen, scheduled x-rays, and gave Plaintiff a walking cane. Plaintiff filed his Recast Complaint on September 1, 2010, and on April 1, 2011, the waivers of service and Complaint were mailed to the Defendants (Docs. 6, 30-35).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.

Plaintiff's Motion to Amend is timely under Rule 15(a)(1). Plaintiff's Motion to Amend was filed prior to the date the waivers of service and Complaint were mailed to the Defendants. Thus, Plaintiff's Motion to Amend his Complaint was timely filed under 15(a)(1)(A). The Court lacks the discretion to reject an amended complaint when the Plaintiff has the right to file an amended complaint as a matter of course. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007). Accordingly, Plaintiff's Motion to Amend his Complaint is **GRANTED** as Plaintiff had the right to amend as a matter of course, and Keith Butler is named as a Defendant as of the date of this Order.

Plaintiff is hereby **ORDERED** to file a supplement to his Complaint containing the

allegations and claims against Defendant Butler with the Court within THIRTY (30) DAYS of the date of this Order. It is further **ORDERED** that, upon the filing of Plaintiff's supplemental Complaint, service be made as to Defendant Butler and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, U.S.C. § 1915, and the Prison Litigation Reform Act. No Defendant, other than Defendant Butler, shall be required to respond to Plaintiff's anticipated supplemental Complaint.

*Injunctive Relief (Doc. 19)*

On November 30, 2010, Plaintiff filed a Motion requesting a temporary restraining order and a preliminary injunction that would require prison officials to administer proper medical care for his ankle.

A temporary restraining order/preliminary injunction protects a party against irreparable harm while preserving the status quo until a decision on the merits can be made. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). In order to obtain injunctive relief, Plaintiff must prove that: 1) there is a substantial likelihood that he will prevail on the merits; 2) he will suffer irreparable injury unless the injunction is issued; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (1990). "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites; [furthermore], '[t]he burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983) (quoting *Canal Authority*, 489 F.2d at 573).

4

Plaintiff has provided no evidence to the Court to demonstrate that he is likely to prevail on the merits of this case. Plaintiff has also failed to show that he will suffer irreparable harm if injunctive relief is not issued. "Any injury is irreparable only if it cannot be undone through monetary remedies." *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987); *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983). Further, an "irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

There is nothing in the record to indicate that Plaintiff's allegations of harm are anything more than speculative. Plaintiff provided a Declaration stating that he was "suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk that [his] ankle will never be restored to its full usefulness" (Doc. 19). His statement is speculative and remote and does not show that his injury cannot be addressed through monetary remedies.

As Plaintiff has failed to show that he will suffer irreparable injury unless the Court issues injunctive relief, the undersigned RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED AND RECOMMENDED**, this 8th day of April, 2011.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE

llf