IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LOREN MITCHELL, | : |
| Plaintiff, | : |
| VS. | :     1:10-CV-75 (WLS) |
| WARDEN DANNIE THOMPSON, *et al.*, | : |
| Defendants. | : |

**ORDER AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* brought the above-styled action pursuant to 42 U.S.C. § 1983 on June 18, 2010. (Doc. 3). Presently pending in this action are Defendants' Motion to Dismiss (Docs. 44), and Plaintiff's Motion to Dismiss, Motion to Amend, Motion Ordering the Court Reporter to Sell a Copy of Recording, and Motion to Request Recusal. (Docs. 50, 52, 59, 61)[1].

**Factual Background**

Plaintiff's Complaint alleges that Defendants were deliberately indifferent to Plaintiff's serious medical need, violating his Eighth Amendment rights. (Doc. 6). Plaintiff asserts that on June 24, 2008, he slipped and fell in a puddle of water and, as a result, broke his ankle and injured his neck and back. After the accident, Plaintiff alleges that he was not immediately given medical attention, but had to wait until the next morning. When he arrived at the medical unit the next morning, he was allegedly told to come back later. When he returned, Plaintiff was given

---

[1] The undersigned notes that the Report and Recommendation (Doc. 8) by the undersigned recommending the dismissal of the "slip and fall" claim, the claim that Defendant Cross failed to process and respond to grievances, and the Equal Protection and Due Process claims does not appear to have been addressed by the District Judge assigned to this case as of the date of this Order and Recommendation.

ibuprofen by a nurse.

Plaintiff states that he was seen by P.A. Butler on July 11, 2008; Plaintiff was again given ibuprofen, was scheduled for an x-ray, and prescribed a walking cane. Plaintiff maintains that on August 1, 2008, he was seen by Defendant Edwards, who allegedly interviewed Plaintiff in front of other inmates, failed to provide Plaintiff a brace for his back and neck injuries, and would not give Plaintiff any pain medication. On August 12, 2008, Plaintiff contends that he spoke with Defendants Thompson and Morales about his situation, but neither Defendant would assist Plaintiff.

According to Plaintiff, he was finally sent to Augusta State Medical Prison in October of 2008, where he received an MRI which showed Plaintiff had a broken ankle and fibula. Plaintiff claims that Defendants Satterfield and Ayers were deliberately indifferent because they delayed in getting him the necessary MRI until four (4) months after Plaintiff's fall. Plaintiff alleges he was later seen by an outside physician, who ordered Plaintiff to use a metal walking cane and a back brace, and ordered that Plaintiff be given stronger medication. Plaintiff also claims that he was placed on a surgery waiting list, but did not receive surgery until November 30, 2009.

Plaintiff also asserts that Defendant Cross retaliated against Plaintiff for filing grievances in June of 2008 and on August 11, 2008. Plaintiff alleges that due to the deliberate indifference of his serious medical needs, he must now wear an ankle-to-knee stabilizer, a body brace, and use two metal crutches.

*Motion to Amend (Doc. 52)*

Plaintiff filed this Motion to Amend his Complaint on July 26, 2011, restating his claim against Defendant Cross. Plaintiff alleges that Defendant Cross transferred Plaintiff to another prison out of retaliation for filing grievances. Plaintiff filed his Complaint on June 18, 2010, and

on April 1, 2011, the waivers of service and the Complaint were mailed to the Defendants. (Docs. 3, 30-35).  Defendant Cross filed a Pre-Answer Motion to Dismiss on June 1, 2011. (Doc. 44).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff's Motion to Amend is clearly untimely as to Rule 15(a)(1).  The Motion to Amend was filed more than twenty-one (21) days after the Complaint was served and more than twenty-one (21) days after service of a responsive pleading, the Pre-Answer Motion to Dismiss. Additionally, the parties have not consented to Plaintiff's proposed amendment.  Therefore, the Plaintiff's only remaining means to amend his Complaint is by leave of the Court under Rule 15(a)(2).

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).  Although the decision to grant or deny a motion to amend a complaint is within the discretion of the Court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).  The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).

Plaintiff does not appear to be alleging any new claims against Defendant Cross, but merely reiterates his claim of retaliation. Plaintiff filed a Recast Complaint on September 1, 2010, and thus, has already had two opportunities to set out his claims. (*See* Doc. 6). Furthermore, Plaintiff filed this Motion to Amend more than ten months after filing his Recast Complaint, and almost two months after Defendant Cross filed a Pre-Answer Motion to Dismiss based on failure to state a claim. If Plaintiff was allowed to amend at this late date, Defendant Cross would be put to unnecessary trouble and expense, as she has already filed a Motion to Dismiss. The Court also notes that this Order and Recommendation contains a recommendation to dismiss the retaliation claim against Defendant Cross for failure to state a claim, and thus, the Court agrees with Defendant Cross that this amendment would be futile. (*See* Doc. 54). In sum, as Plaintiff does not appear to be alleging any new claims, and the amendment is futile, and could cause unnecessary delay and undue prejudice, Plaintiff's Motion to Amend is hereby **DENIED**.

*Plaintiff's Motion to Dismiss (Doc. 50)*

Plaintiff filed a Motion to Dismiss requesting the Court dismiss his slip and fall claim. Further, Plaintiff requests that the claims against Defendants Thompson and Morales be dismissed without prejudice because the claims relate to their alleged negligence surrounding the slip and fall incident. Plaintiff also included his response to Defendants' Motion to Dismiss in his Motion to Dismiss. Initially, the undersigned recommended that the slip and fall claim be dismissed as Plaintiff failed to establish an Eighth Amendment violation. (Doc. 8). However, it does not appear from the docket that the district judge assigned to this case has yet addressed that Report and Recommendation. (Doc. 8). Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion to Dismiss shall be **GRANTED in part** as follows: that

Defendant Thompson, Defendant Morales, and the slip and fall claim be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Defendants' Motion to Dismiss (Doc. 44)*

Defendants filed a Motion to Dismiss stating that this action should be dismissed, among other reasons, for Plaintiff's failure to state a claim upon which relief can be granted. A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937,1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

Defendants maintain that the Complaint fails to state a claim of deliberate indifference to Plaintiff's serious medical need against Defendants Thompson, Morales, Satterfield, Ayers, and Edwards[2]. (Doc. 44-1). A complaint must contain a "short and plain statement of the claim

---

[2] As the undersigned has recommended that Defendants Thompson and Morales be dismissed from the case, the undersigned will not analyze the arguments asserted by these two Defendants in this section.

5

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949.

 While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation."  *Id.*  The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  In order to show that a prison official acted with deliberate indifference to a serious medical need, the Plaintiff must establish that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, the Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351.

*Defendants Ayers and Satterfield*

Defendants first maintain that the Complaint fails to allege that Defendants Ayers and Satterfield had any subjective knowledge of Plaintiff's medical condition. (Doc. 44-1). Further, Defendants Ayers and Satterfield maintain that Plaintiff is attempting to hold them vicariously liable, which is impermissible in a § 1983 action. In his Complaint, it appears Plaintiff alleges that Defendants Ayers, a physician, and Satterfield, a medical administrator, were deliberately indifferent because it took over four (4) months for Plaintiff to receive an MRI. (Doc. 6, p. 12).

A supervisor cannot be liable under § 1983 for the unconstitutional acts of his subordinates on the basis of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

In his response, Plaintiff contends that these Defendants were aware of his injuries through the grievances and medical requests he filed. (Doc. 48-1). Filing a grievance does not alone

show that a supervisor had subjective knowledge.  *See Nichols v. Burnside*, 2011 WL 2036709, *3 (M.D. Ga. April 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); *Logue, Jr. v. Chatham County Detention Center*, 2010 WL 5769485, *4 (S.D. Ga. Dec. 29, 2010) (filing grievances with a supervisor "does not alone make the supervisor liable"); *Weems v. St. Lawrence*, 2009 WL 2422795, *4 n. 7 (S.D. Ga. Aug. 6, 2009) (finding letters and grievances to "jail's upper officials" was insufficient to show the defendants were on notice of a substantial risk of serious harm); *Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance.").  As a grievance is insufficient so show that a supervisor had subjective knowledge of a substantial risk of harm to Plaintiff, Plaintiff has failed to sufficiently plead that Defendants Ayers and Satterfield were aware of Plaintiff's medical need.

   Plaintiff also alleges that, because these two Defendants were supervisors at the time of his requested MRI, Defendants Ayers and Satterfield were responsible for any delay in treatment. Plaintiff must provide facts which show that these Defendants participated in the delay in the medical care.  *See Nichols*, 2011 WL 2036709 at *3 (recommending dismissal of a defendant doctor when there was no indication that the defendant was responsible for the delay in plaintiff receiving an MRI) (report and recommendation adopted by 2011 WL 2020662 (M.D. Ga. May 24, 2011)).  Plaintiff has not alleged any facts that show that Defendants Ayers and Satterfield were personally responsible for the alleged delay in Plaintiff receiving the MRI.  Plaintiff only alleged that these two Defendants were in supervisory positions at the time of his injury, and a claim based on their supervisory positions alone is unsustainable under § 1983.

   Plaintiff seeks to hold these two Defendants liable because they were in supervisory

positions at the time of his alleged injury.  However, Plaintiff has not alleged that these Defendants were subjectively aware of a serious medical need, that they participated in the alleged unconstitutional activity, or that there was a causal connection between themselves and the alleged unconstitutional activity.  Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants Ayers and Satterfield.

<u>*Defendant Edwards*</u>

In his Complaint, Plaintiff alleges that Defendant Edwards denied Plaintiff a brace for his back and neck, and denied Plaintiff stronger pain medicine until Defendant Edwards knew Plaintiff had a broken bone. (Doc. 6).  Plaintiff alleges in his Complaint that prior to being seen by Defendant Edwards, he was seen by non-party P.A. Butler.  (Doc. 6).  P.A. Butler scheduled Plaintiff for an x-ray and Plaintiff was to receive a walking cane.  Plaintiff alleges that Defendant Edwards would not give Plaintiff additional treatment until the x-rays were taken and Defendant Edwards received the results.

Plaintiff appears to be alleging that Defendant Edwards's medical assessment was inaccurate and insufficient.  However, "[t]he facts alleged must do more than contend medical malpractice, misdiagnosis, accidents, and poor exercise of medical judgment." *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006) (citing *Estelle*, 429 U.S. at 104-07).  Further, "a simple difference in medical opinion" does not constitute deliberate indifference.  *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

Herein, Plaintiff has alleged that Defendant Edwards would not supply Plaintiff with medical items Plaintiff thought he needed; specifically, a back brace, a neck brace, and stronger medication, until Defendant Edwards received test results. (Doc. 6).  Plaintiff failed to provide facts which show that Defendant Edwards was deliberately indifferent to Plaintiff's needs; rather,

9

Plaintiff has asserted that Defendant Edwards exercised poor medical judgment, which is not actionable under § 1983. Thus, Plaintiff's Complaint fails to state a claim for which relief can be granted as to Defendant Edwards.

*Defendant Cross*

In his Complaint, Plaintiff alleges that he filed grievances on August 18 and August 25 of 2008 to have Defendant Cross "refrain from harassment and retaliations against [Plaintiff], yet no resolve." (Doc. 6, p. 12). Plaintiff does not state how Defendant Cross has retaliated against him in his Complaint, but it appears Plaintiff is alleging Defendant Cross retaliated against Plaintiff by denying the grievances he filed in June of 2008 and August 11, 2008.[3] In his response to Defendant Cross's Motion to Dismiss, Plaintiff states that Defendant Cross transferred Plaintiff to a different prison because Plaintiff had an injury and filed grievances about it. (Doc. 48-1).

Retaliation occurs when a prison official disciplines a prisoner for filing complaints, grievances, or lawsuits, or otherwise exercising his First Amendment right. *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). "While an inmate does not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, prison officials may not transfer an inmate in retaliation for exercising his right to file grievances against prison officials." *Williams v. Brown*, 347 Fed. Appx. 429, 435 (11th Cir. 2009) (internal citations omitted).

In this case, Plaintiff alleges that Defendant Cross was responsible for Plaintiff's transfer to Georgia State Prison because he filed grievances about his injuries and "it is better to get rid of the problem than fix it". (Doc. 48-1). To sufficiently plead a claim of retaliation, Plaintiff must

---

[3]To the extent that Plaintiff is attempting to allege that Defendant Cross retaliated by denying grievances, this claim must fail. A claim alleging denial of a grievance is insufficient to state a claim of relief under § 1983. *See Lee v. Georgia Dept. Of Corrections*, 2008 WL 655998, *3 (N.D. Ga. March 7, 2008); *see also* Doc. 8, p. 5.

do more than make a conclusory statement that he was transferred out of retaliation for filing grievances.  *Compare Williams*, 347 Fed. Appx. at 435 (determining that mere allegations that defendants transferred the prisoner out of retaliation, without more facts that associate the defendants with the transfer, did not rise above the speculative level identified in *Twombly*); *Hall v. Secretary*, 2010 WL 2681728, *9 (M.D. Fla. July 7, 2010) (dismissing a retaliatory claim when plaintiff failed to allege who ordered the transfer and failed to articulate any facts to connect the grieving of his medical care with his eventual transfer); *with Sterling v. Smith*, 2009 WL 3850453, *2 (S.D. Ga. Oct. 21, 2009) (finding a retaliation claim was sufficiently plead when the plaintiff alleged that the defendant told the plaintiff he would be sent back to general population if he dropped his lawsuit).  Further, Plaintiff alleges that he was transferred so that the prison would not have to provide him with medical care, which fails to state a claim of retaliation.  *See Jones v. Tayor*, 2011 WL 1196076, *4 (M.D. Ga. Feb. 10, 2011) (finding the plaintiff did not state a claim of retaliation when his complaint alleged that the defendant transferred him to avoid having to provide dental care to plaintiff).

   Plaintiff does not provide any facts to show that Defendant Cross was responsible for the transfer, or transferred Plaintiff out of retaliation for filing grievances.  Plaintiff does not allege that a transfer occurred until his Response to Defendants' Motion to Dismiss and, in his Response, Plaintiff merely makes a conclusory statement that he was transferred due to his injury, without any factual support for such a statement.  Plaintiff fails to allege any facts which show Defendant Cross was responsible for Plaintiff's transfer.  Further, there are no facts which show that, if Defendant Cross was responsible for the transfer, she did so for retaliatory purposes.

   Based on the factual assertions contained in both Plaintiff's Complaint and Response, Plaintiff has failed to sufficiently allege facts which show that Defendant Cross transferred

11

Plaintiff to a different prison facility out of retaliation for filing grievances. Plaintiff has provided only conclusory statements, and thus has not sufficiently plead a retaliation claim against Defendant Cross.

*Conclusion*

The undersigned finds that Plaintiff has failed to state a claim for which relief can be granted as to the claims against Defendants Ayers, Satterfield, Edwards and Cross. Accordingly, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED** as to Defendants Ayers, Satterfield, Edwards, and Cross, and **DENIED as moot** as to Defendants Thompson and Morales.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Dismissal of Defendant*

The Court allowed Plaintiff to add Defendant Butler to the case on April 8, 2011, and gave Plaintiff thirty (30) days to file a supplemental Complaint containing the claims against Defendant Butler. (Doc. 36). Plaintiff filed an Objection wherein he stated that he did not intend to add Butler as a Defendant, and further, Plaintiff never filed a supplemental Complaint alleging claims against Defendant Butler. (Doc. 38). Accordingly, the undersigned recommends that Defendant Butler be **DISMISSED** from this case.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this

Recommendation.

*Motion Requesting Copy of Tape (Doc. 59)*

Plaintiff has filed this Motion requesting the Court order Deborah J. Combs to sell Plaintiff a copy of the tape/CD recording from Plaintiff's deposition. Defendants responded to Plaintiff's Motion requesting that the Motion be denied based on the fact that there is no obligation to provide the tape recordings of the deposition. (Doc. 62). If Plaintiff wishes to purchase a copy of the deposition transcript he may do so directly through Lyon Reporting, not through the Court. (*See* Doc. 62-2, Rutherford Affidavit, ¶ 10). The Court also notes that Plaintiff has requested a copy of the deposition recording so that he may respond to a motion for summary judgment that has not yet been filed by Defendants. As neither the Court nor Defendants are relying on Plaintiff's deposition testimony in regard to Defendants' Motion to Dismiss, Plaintiff's Motion is also currently moot. Accordingly, Plaintiff's Motion Ordering the Court Reporter to Sell a Copy of the Recording is hereby **DENIED.**

*Motion to Request Recusal (Doc. 61)*

Plaintiff requests that the undersigned recuse himself because the undersigned has allegedly shown disrespect to Plaintiff by allowing Defendants to "file, re-draft, [and] continue discovery after the ninty (sic) (90) days expired, or granting extension of time to the Defendants without allowing the Plaintiff to respond[.]"

First, Defendants state that Plaintiff served interrogatories on Defendant Cross on August 9, 2011. (Doc. 64). Defendant Cross objected to the interrogatories as being beyond the discovery period because the responses were due after September 1, 2011, the last day of discovery. Regardless, Defendant Cross forwarded responses to Plaintiff. As a result of Defendant Cross responding to Plaintiff's interrogatories, Plaintiff has alleged that the Court

13

allowed Defendants to respond to discovery after the ninety (90) days had expired because Plaintiff received Defendant Cross's responses after September 1, 2011. (Doc. 61).  The Court had no knowledge of either parties' discovery requests or responses, nor did it grant Defendant Cross any discovery extensions.  Thus, this claim of bias is without merit.

Second, Plaintiff alleges that the Court granted an extension of time for Defendants to file a motion for summary judgment without allowing Plaintiff to respond.  Defendants filed a Motion for an Extension on September 23, 2011.  (Doc. 56).  On September 29, 2011, Plaintiff filed a Response and Objection to Defendants' Motion for an Extension. (Doc. 57).  On September 30, 2011, after reviewing the Motion, the Response, and Defendants' Reply to Plaintiff's Response, the undersigned determined that it was appropriate to grant Defendants' Motion for an Extension.  Plaintiff's assertions that the undersigned did not allow Plaintiff to respond are unfounded.  Accordingly, Plaintiff's Motion to Request Recusal is hereby **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 18th day of November, 2011.

                                                    s/ **THOMAS Q. LANGSTAFF**

                                                    UNITED STATES MAGISTRATE JUDGE

llf