IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| LOREN MITCHELL, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:10-CV-75 (WLS) |
| WARDEN DANNIE THOMPSON, *et al.*, | : |
| Defendants. | : |

## ORDER

Before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff (Doc. 71). The Order and Recommendation, filed November 18, 2011, denies Plaintiff's Motion to Amend (Doc. 52), denies Plaintiff's Motion Requesting Copy of Tape (Doc. 59), denies Plaintiff's Motion to Request Recusal (Doc. 61), and recommends: (1) that Plaintiff's Motion to Dismiss (Doc. 50) be granted in part; (2) that Defendants' Motion to Dismiss (Doc. 44), be granted as to Defendants Ayers, Satterfield, Edwards, and Cross and denied as moot as to Defendants Thompson and Morales; (3) that Defendant Butler be dismissed from the case. Plaintiff timely filed an Objection (Doc. 72), and Defendants filed a response to Plaintiff's Objection (Doc. 73).

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 72) are **OVERRULED**, and United States Magistrate Judge Langstaff's November 18, 2011 Order and Recommendation (Doc. 71), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Defendant Butler is **DISMISSED** from the case, Plaintiff's Motion to Amend, Motion Ordering the Court Reporter to Sell a Copy of Recording,

and Motion to Request Recusal (Doc. 52, 59, 61) are **DENIED**, Defendants' Motion to Dismiss (Doc. 44) is **GRANTED**, and Plaintiff's Motion to Dismiss is **GRANTED IN PART**.[1]

## I.  PLAINTIFF'S OBJECTION TO NOVEMBER 18, 2011 ORDER

Plaintiff objects to the rulings made in Judge Langstaff's November 18, 2011 Order (Doc. 71) regarding Plaintiff's Motion to Amend (Doc. 52), Plaintiff's Motion Requesting Copy of Tape (Doc. 59), Plaintiff's Motion Requesting Copy of Tape (Doc. 59), and Plaintiff's Motion to Request Recusal (Doc. 61). (Doc. 72).

Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly-erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard). Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (internal citations and quotation marks omitted). The standard for overturning a Magistrate Judge's non-dispositive order is "a very difficult one to meet." Thornton v. Mercantile Stores Co., Inc., 180 F.R.D. 437, 439 (M.D.Ala.1998) (internal quotation marks omitted).

The Court has carefully reviewed and considered Plaintiff's Objection, which was timely filed within fourteen days as required by Rule 72(a), and finds that it does not show that Judge

---

[1] The Court's March 30, 2012 Order adopting Judge Langstaff's September 10, 2010 Order and Recommendation dismissed Plaintiff's Slip and Fall Claim.

2

Langstaff's Order (Doc. 71) is clearly erroneous or contrary to law. Therefore, Plaintiff's Objection to Judge Langstaff's November 18, 2011 Order (Doc. 72) is **OVERRULED.**

## II.     PLAINTIFF'S OBJECTION TO NOVEMBER 18, 2011 RECOMMENDATION

Judge Langstaff's November 18, 2011 Recommendation recommends that the claims against Defendants Ayers, Satterfield and Edwards be dismissed for failure to state a claim of deliberate indifference, and the claim against Defendant Cross be dismissed for failure to sufficiently plead a retaliation claim. It also recommended that Defendants Butler, Thompson and Morales be dismissed from this action, and that the slip and fall claim be dismissed without prejudice. Plaintiff's Objection challenges this recommendation as to Defendants Ayers, Satterfield, Edwards, and Cross. Because Plaintiff's Objection does not address Judge Langstaff's recommendation to dismiss Defendants Butler, Thompson, and Morales from the action, any objection thereto has been **WAIVED** by Plaintiff.

Plaintiff's objections regarding Defendants Ayers, Satterfield, Edwards, and Cross all assert that Plaintiff stated a cognizable claim against them. (Doc. 72). These objections do nothing more than parrot the assertions made in Plaintiff's Response to the Motion to Dismiss. (*Compare* Doc. 72 *with* Doc. 53). Plaintiff's objections ignore and fail to challenge Judge Langstaff's findings that Plaintiff failed to sufficiently plead that Defendants Ayers and Satterfield had subjective knowledge of a substantial risk of harm to Plaintiff; that Plaintiff's assertion that Defendant Edwards exercised poor medical judgment is not actionable under § 1983; and that Plaintiff failed to provide any facts showing Defendant Cross was responsible for Plaintiff's transfer. Accordingly, the Court finds that Plaintiff's Objection (Doc. 72) fails to rebut the legally sound findings of Judge Langstaff, and Plaintiff's objections regarding Defendants Ayers, Satterfield, Edwards, and Cross are **OVERRULED**.

To the extent that Plaintiff's Objections (Doc. 72) fail to address recommendations made in Judge Langstaff's Recommendation (Doc. 71), the Court finds that any objections not made thereto are **WAIVED**.

## **CONCLUSION**

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 72) are **OVERRULED**, and United States Magistrate Judge Langstaff's November 18, 2011 Order and Recommendation (Doc. 71), is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Defendant Butler is **DISMISSED** from the case, and Plaintiff's Motion to Amend, Motion Ordering the Court Reporter to Sell a Copy of Recording, and Motions to Request Recusal (Doc. 52, 59, 61) are **DENIED.**  Defendants' Motion to Dismiss (Doc. 44) is **GRANTED** as to Defendants Ayers, Satterfield, Edwards, and Cross and **DENIED AS MOOT** as to Defendants Thompson and Morales, and Plaintiff's Motion to Dismiss (Doc. 50) is **GRANTED IN PART** as follows: that Defendants Thompson and Morales be, and are, **DISMISSED WITHOUT PREJUDICE**.[2]

**SO ORDERED**, this  30th  day of March, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] The Court's March 30, 2012 Order adopting Judge Langstaff's September 10, 2010 Order and Recommendation dismissed Plaintiff's Slip and Fall Claim.